IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:18-CV-210-FL

| | | |
|---|---|---|
| JAMIE LILES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| LAWRENCE WYMAN and NORFOLK DREDGING COMPANY, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's motions to strike several defenses raised in answers to complaint (DE 62, 64). The motions have been fully briefed, and, in this posture, the issues raised are ripe for ruling. For the following reasons, the court denies plaintiff's motion to strike directed against the fifth defense raised by defendant Norfolk Dredging Company ("Norfolk"), and grants in part and denies in part plaintiff's motion directed against the third and sixth defenses raised by defendant Lawrence R. Wyman ("Wyman").

### STATEMENT OF THE CASE

Plaintiff commenced this action in Brunswick County Superior Court on October 15, 2018, seeking damages for alleged personal injuries arising from a motor vehicle accident that occurred on or about April 7, 2017. Plaintiff alleges defendant Wyman was negligent in failing to operate his motor vehicle safely, thereby hitting and injuring plaintiff, and that defendant Wyman's actions were done in the course and scope of his employment with defendant Norfolk. Defendants removed the action to this court on December 3, 2018.

Plaintiff filed amended complaint on January 8, 2019, and later sought leave to amend his amended complaint on March 28, 2019. On May 24, 2019, the court granted in part and denied in part plaintiff's motion, directing plaintiff to strike from his proposed second amended complaint 1) allegations in support of the application of maritime law to this case and 2) claims of fraud and negligent supervision against defendant Norfolk. Plaintiff filed the operative second amended complaint, upon extension granted with leave of court, on June 4, 2019. Defendant Wyman filed his answer July 29, 2019, and defendant Norfolk filed its answer the following day.

On August 13, 2019, plaintiff filed the instant motion to strike to defendant Norfolk's fifth defense, contributory negligence, asserting it was insufficiently pleaded. In response, defendant Norfolk argues that affirmative defenses are not subject to the same pleading standards that apply to complaints. On August 15, 2019, plaintiff filed the instant motion to strike defendant Wyman's third defense, contributory negligence, and his sixth defense, that any award of punitive damages in this case would be illegal. Defendant Wyman responded on September 4, 2019, arguing that he adequately pleaded his third defense.[1]

## STATEMENT OF FACTS

The court incorporates by reference the statement of facts set forth in its May 24, 2019, order:

> On or about April 7, 2017, plaintiff was working at Military Ocean Terminal Sunny Point ("MOTSU"), refueling vessels. Plaintiff alleges that he "was working on a pier over navigable waters and engaged in maritime employment as defined by 33 [U.S.C.§] 912(4)" and "[suit] was filed in state court who have concurrent jurisdiction with this court over maritime claims under the Savings to Suitors Act 28 [U.S.C. §] 1331(1)." (Prop. second am. compl. (DE 35-2) ¶ 5).
>
> At or around 8:00 a.m., defendant Wyman was traveling to or from his vessel in a motor vehicle when he struck plaintiff on the pier as plaintiff was exiting his refueling truck. Defendant Wyman attempted to drive between two parked vehicles and had less than two inches of clearance between the vehicles.

---

[1] Defendant Wyman consents to striking his sixth defense regarding punitive damages.

2

Plaintiff alleges defendant Wyman should have seen plaintiff opening the door of his fuel truck. Defendant Wyman admitted the accident was his fault to the accident investigator. Plaintiff suffered serious and permanent injury to his ankle, lost time from work, and remains in pain, unable to function or exercise as he had previously.

Defendant Wyman admitted to investigating officer Kevin Tatum ("Tatum") that he experienced medical symptoms which defendant Wyman believed caused the accident. Plaintiff alleges that after the accident, defendant Wyman also admitted to Tatum that he was impaired at the time of the accident due to his reactions to Lasix and Rapalfo, and defendant Wyman allegedly provided a statement from his doctor to explain this reaction.

On the day in question, defendant Wyman was working for defendant Norfolk, and at the time of the accident, defendant Wyman was traveling on federal property, on the north wharf, as part of his job duties. MOTSU is a limited access facility operated by the Army and does not allow visitors or other people who are not acting in the course of employment. Defendant Wyman gained access to the facility by representing that he was an employee of defendant Norfolk and that he needed to be on the property as part of his job duties. Plaintiff alleges that "with the consent and knowledge of Norfolk," defendant Wyman obtained a security badge to get access to MOTSU and "[a] condition of this access was that Norfolk employees were only allowed on base as part of the job duties," as opposed to "sightseeing, joy-riding or running personal errands." (Prop. second am. compl. (DE 35-2) ¶ 26). Plaintiff further alleges defendant Wyman gained access to MOTSU by falsely representing that he was engaged in work-related matters, that "[a]ccess would have been denied had he been honest and explained that he was not acting in the court and scope of his employment when accessing MOTSU," and that defendant Norfolk was or should have been aware of defendant Wyman's presence at MOTSU. (Id. ¶ 27). Plaintiff alleges defendant Norfolk did not ensure its employees were complying the restricted access rules of MOTSU.

(Order (DE 43) at 2-4).[2]

## DISCUSSION

A.     Standard of Review

A district court may, on motion of a party or on its own initiative, strike from a pleading an "insufficient defense." Federal Rule of Civil Procedure 12(f). "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and

---

[2] Page numbers in citations to documents in the record specify the page number designated by the court's electronic case filing (ECF) system, and not the page number, if any, showing on the face of the underlying document.

because it is often sought by the movant simply as a dilatory tactic." Waste Management Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotations omitted). "Nevertheless, a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." Id. (internal quotations omitted).

B.  Analysis

Plaintiff moves to strike defendants' defenses predicated upon contributory negligence, arguing this defense, as separately pleaded, does not satisfy the pleading standard set forth by the United States Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

    1.     Applicability of Twombly and Iqbal to Defendants' Affirmative Defenses

The United States Court of Appeals for the Fourth Circuit has not addressed whether the Twombly/Iqbal standard applies to affirmative defenses, and district courts within this circuit are divided on the issue. See Racick v. Dominion Law Assoc., 270 F.R.D. 228, 233 (E.D.N.C. Oct 6, 2010) (collecting cases). This court repeatedly has held that the Twombly/Iqbal pleading standard does not apply to affirmative defenses. See Aguilar-Gamas v. Scott Farms, Inc., No. 5:13-CV-447-FL, slip. op. at 3-6 (E.D.N.C. Jan. 6, 2014); Coach, Inc. v. Sun Super Market, Inc., No. 5:13-CV-679-FL, 2014 WL 545948 (E.D.N.C. Feb. 10, 2014); Snow v. Global Credit and Collection Corp., No. 5:31-CV-721-FL, 2014 WL 5781439 (E.D.N.C. Nov. 6, 2014).

In those decisions, the court compared the distinct requirements imposed by Fed. R. Civ. P. 8(a)(2), which governs a plaintiff's complaint, to those imposed by Fed. R. Civ. P. 8(b) and 8(c), which govern defenses and affirmative defenses. See Snow 2014 WL 5781439 at *2 ("Federal Rules of Civil Procedure 8(b) and 8(c) . . . require only that a party state in short and plain terms its defenses to each claim asserted against it and affirmatively state any avoidance or

4

affirmative defense. This language differs markedly from the language of Rule 8(a)(2), which requires a short and plain statement of the claim <u>showing that the pleader is entitled to relief</u>.") (internal quotations and citations omitted). This court concluded that the distinction "sensibly reflects the differing situations of the plaintiffs and defendants, in that plaintiffs have more time to develop factual support for their contentions and defendants are not responsible for unlocking the doors of discovery as are plaintiffs." <u>Id.</u> (internal quotations and citations omitted).

Where approaches remain varied,[3] and the Fourth Circuit has not addressed the issue, the court adheres to its prior rulings and declines to apply the <u>Twombly/Iqbal</u> standard here.[4] After reviewing the affirmative defenses asserted in the instant action, this court finds they sufficiently comport with the requirements of Rule 8(b) and 8(c). Therefore, plaintiff's motion to strike must be denied.

## CONCLUSION

Based on the foregoing, the court DENIES plaintiff's motions to strike defendants' defenses predicated upon contributory negligence. (DE 62, 64). Without opposition, the court GRANTS plaintiff's motion to strike defendant Wyman's defense predicated upon the illegality of any punitive damages award. (DE 64).

SO ORDERED, this the 31st day of October, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[3] Compare, e.g., <u>Baron v. Directv, LLC</u>, 233 F. Supp. 3d 441 (D. Md. 2017), <u>Cohen v. SunTrust Mortg., Inc.</u>, No. 3:16-CV-02513- CMC, 2017 WL 1173581 (D. S. C. 2017), and <u>Davis v. Toyota Motor Credit Corp.</u>, 251 F. Supp. 3d 925 (D. Md. 2017); with <u>Vandevender v. Blue Ridge of Raleigh, LLC</u>, No. 5:14-CV-150-BO, 2015 WL 355281 (E.D.N.C. Jan. 27, 2015) and <u>Alston v. Equifax Info. Serv., LLC</u>, No. GLR-13-934, 2014 WL 580148 (D. Md. 2014).

[4] Plaintiff argues this court applied the <u>Twombly/Iqbal</u> standard when ruling on plaintiff's motion to amend his amended complaint. (<u>See</u> Pl's Mem. (DE 65) at 2-3). However, that ruling involved the sufficiency of plaintiff's proposed amended complaint, not the sufficiency of an affirmative defense. As such, plaintiff's argument is inapposite.